IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:20-cr-358 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| -vs- | ) | |
| | ) | |
| ROBERT D. McWILLIAMS, | ) | SECOND MOTION FOR CONTINUANCE |
| | ) | OF TRIAL DATE AND  ALL RELATED |
| | ) | DEADLINES |
| Defendant | ) | (Ends of Justice 18 U.S.C. §3161(h)(7)) |

Now comes the defendant herein, by and through the undersigned counsel and hereby moves this Honorable Court for a continuance of all dates, including the trial date, beyond the time limits set forth in 18 U.S.C. §3161(c)(1).  The defendant makes this request pursuant to 18 U.S.C. §3161(h)(7) as necessary to insure the ends of justice.  In support of this request, the defendant by and through the undersigned counsel, offers the following:

1. That a previous Motion for Continuance of this case beyond time limits set forth in 18 U.S.C. 3161(c)(1) was granted by this Court due to circumstances created by the current Covid-19 pandemic.  The previous Motion detailed difficulties in preparing this case given restrictions upon client visitation and inability to adequately prepare under the circumstances presented.

2. That the circumstances that occasioned filing of the previous Motion have not improved.  In fact, the challenges in preparing this case in keeping with the duty to render effective assistance of counsel have become more challenging.  First and foremost, there has been no meaningful opportunity to converse with the defendant who is incarcerated at CCA in Youngstown, Ohio. For months there was no in-person visitation whatsoever.  More recently attorneys were

permitted to visit clients through glass while speaking over a phone. The undersigned counsel visited this defendant several weeks ago but found that an effective conference could not be held under such circumstances. Counsel was forced to show the client documents by holding them up to the window with one hand while talking on the phone. Additionally, no electronics are permitted so counsel was completely unable to view any digital evidence with the client. Counsel submits that he cannot render effective assistance under the present conditions, given the nature of this case and restrictions on client visitation. As the Court is aware, dissemination of discovery materials in this case is restricted by an agreed Protective Order. Thus, due to the lack of security, discovery materials cannot be copied and provided to the defendant and must necessarily be reviewed only in person.

3. The physical setup of the visitation room permits other persons to hear both the client and counsel so that the visit cannot be said to be attorney-client privileged. "A criminal defendant's ability to communicate candidly and confidentially with his lawyer is essential his defense" and "nearly sacrosanct". *Nordstrom v. Ryan,* 762 F. 3d 903, 910 (9th Cir. 2014). Communications which can be heard by other persons are not protected attorney-client communications.

    Additionally, apart from the above concern, the undersigned counsel also found the conditions to be unsafe from a health perspective. The only sign of disinfection of the area was the role of paper towels and a squirt bottle of an unidentified pink liquid which was presumably to be used for cleaning the desk and phones. There was no evidence of any other sanitation measures. The room was littered with used paper towels. In short, the current state of visitation in not conducive to either heath or effective communication and counsel believes that personal health concerns would be seriously compromised by further visits at CCA under the present conditions.

4. Effective communication is the cornerstone to the attorney-client relationship and the promise of effective representation as guaranteed by the Sixth Amendment. "The right to effective assistance of counsel is […] the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656, 104 S.Ct. 2039 (1984). "The core of this right has historically been, and remains today, "the opportunity for a defendant to consult with an attorney and have him investigate the case and prepare a defense for trial." *Kansas v. Ventris*, 556 U.S. 586, 590, 129 S.Ct. 1841 (2009) (citing *Michigan v. Harvey,* 494 U.S. 344, 348, 110 S.Ct. 1176 (1990). While phone calls with CCA inmates are afforded, counsel must often wait for over 24 hours to have an attorney-client call due to high demand. This is despite the best efforts and truly commendable work of CCA visitation officer Larry Kordic.

5. The undersigned counsel believes that he cannot render effective assistance of counsel given the present restrictions on effective client communication as set forth herein. It is hoped that if additional time is afforded that the present conditions will be temporary and at some point normal attorney-client visitation will be restored or some accommodation made to facilitate effective attorney-client communication.

A court may continue a trial beyond statutory speedy trial limits where the ends of justice would be served. See United States v. Greenup, 401 F.3d 758 (6th Cir. 2005). The defendant respectfully suggests that a continuance of the present trial date will promote the ends of justice in that it will allow the defendant to make an informed decision herein.

**WHEREFORE**, based upon the foregoing, a reasonable continuance is requested and speedy trial rights are hereby waived.

Respectfully submitted,

/s/ Robert A. Dixon
ROBERT A. DIXON (#0022466)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 432-1992
(216) 881-3928 facsimile
Dixonlaws@aol.com

**CERTIFICATE OF SERVICE**

This document was filed via the ECF system for the U.S. District Court for the Northern District of Ohio and served upon all parties by operation of that system, this 10th day of December, 2020

/s/ Robert A. Dixon
ROBERT A. DIXON
Attorney for Defendant